IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TODD McDONALD**                                                                                    **PLAINTIFF**

v.                                    No: 4:18-cv-00172 SWW-PSH

**CARPENTER,** *et al.*                                                                 **DEFENDANTS;**
                                                                              **THIRD PARTY PLAINTIFFS**

v.

**TURN KEY HEALTH CLINICS LLC**                              **THIRD PARTY DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Introduction

Plaintiff Todd McDonald filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 6, 2018, while detained at the Saline County Detention Facility ("SCDF") (Doc. No. 1). McDonald was granted leave to proceed *in forma pauperis* and ordered to file an amended complaint. Doc.

No. 6.  McDonald filed his amended complaint on April 3, 2018, identifying four claims for denial of medical care.  *See* Doc. No. 8.  First, he asserts that he was denied dental care pursuant to the detention center's policy of not providing dental care because it is a short-term facility, and as a result, he lost teeth and suffered tooth pain.  *See* Doc. No. 8 at 4-5.  Second, McDonald claims he was denied medication needed for anxiety due to a policy of not providing narcotics, and that he subsequently suffered anxiety attacks and attempted suicide.  *See id.* at 6.  Third, McDonald claims he was not allowed to keep an inhaler in his cell based on a policy that does not allow inhalers because prisoners use them to get high.  *See id.* at 6 & 8.  McDonald's fourth claim relates to an incident in which he was denied medication because his wristband was broken.  *Id.* at 7.  The Court recommended dismissal of McDonald's claim relating to having an inhaler, and that claim was subsequently dismissed.  *See* Doc. Nos. 10 & 20.  McDonald's claims against defendants Waite, Dick, and Balding have also been dismissed.  *See* Doc. No. 34.

Defendants Brett Carpenter and Tonya Parker filed a motion for summary judgment, a brief in support, and a statement of facts, claiming that McDonald did not exhaust his claims against them before he filed this lawsuit (Doc. Nos. 25-27).  McDonald filed a response (Doc. No. 35); defendants filed a reply (Doc. No. 36); and McDonald filed another response (Doc. No. 39). The defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that defendants are entitled to judgment as a matter of law.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56; *Celotex v.*

*Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  Analysis

Defendants argue that they are entitled to summary judgment because McDonald failed to exhaust his administrative remedies before he filed this lawsuit.  In support of their motion for summary judgment, defendants submitted an affidavit by Parker; a copy of the SCDF's grievance policy; a copy of the SCDF's jail detainee grievance form; and a copy of a grievance filed by McDonald.  Doc. Nos. 25-1 – 25-4.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).  Exhaustion under the PLRA is mandatory.  *Jones v. Bock*, 549 U.S. at 211.  The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id*.

The SCDF had a grievance process for inmates to raise concerns regarding abuse, harassment, an abridgment of civil rights, or a denial of privileges while McDonald was retained there. Doc. No. 25-2. The policy provides that "[a] grievance shall be made by utilizing the kiosk provided in the cellblock[,] . . . promptly after the incident has occurred." *Id.* According to Parker, an inmate may also request a paper grievance form. Doc. No. 25-1 at 2; Doc. No. 25-3. In an electronic or paper grievance, "[t]he grievance shall state fully the time, date, names of the detention officers and/or staff members involved and pertinent details of the incident, including the names of any witnesses." Doc. No. 25-2. The policy provides that a grievance is initially reviewed by the duty supervisor, who is to answer it by writing on the grievance form, scanning the entire grievance form to the inmate file, and returning the grievance to the inmate. *Id.* If necessary, the duty supervisor is to forward the grievance to the jail administrator or an officer unconnected to the incident. *Id.*

According to Parker's affidavit, there is no evidence of any grievance submitted by McDonald naming separate defendants Carpenter or Parker. Doc. No. 25-1 at 3. Parker also states that there is no record of any grievance submitted by McDonald reflecting the denial of medication due to a broken wristband. *Id.* Parker identified one paper grievance filed by McDonald that claimed the denial of medical care. *Id.* On April 15, 2017, McDonald grieved: "Been asking for

past 10 days I need my asthma [sic], anxiety, & depression meds.  Also have 2 abscessed teeth I need pulled & they get [illegible] Ibuprofen today which I been losing sleep due to the pain I need them pulled."  Doc. No. 25-4.  In response, Parker advised McDonald to put in a sick call so that his grievance could be addressed.  *Id.*

The defendants have produced evidence that McDonald filed one grievance addressing some of the issues raised in his complaint, and that grievance did not name Parker or Carpenter as required by the SCDF's grievance procedure.  Accordingly, defendants have made a prima facie case that McDonald failed to exhaust his administrative remedies before he filed this lawsuit.  McDonald has not produced any other grievances or other evidence in response to the defendants' motion and documentation.  McDonald maintains that he was not notified of the grievance procedure when he entered the SCDF but that he found the grievance procedure on the kiosk.  *See* Doc. No. 35 at 1.  He claims that other inmates told him the grievance procedure was a waste of time, and maintains that he could not file a grievance through the kiosk.  *Id.*  McDonald also claims he was not given a grievance form to grieve about the wristband issue, so he created his own and it was never answered.  *Id.* at 2.  McDonald alleges he filed many grievances naming Carpenter and Parker but they were never returned.  Doc. No. 39.

McDonald's grievance record shows that he was aware of the grievance procedures because he filed a grievance while detained at the SCDF.  McDonald has offered no evidence to support his contention that he filed multiple grievances naming Parker and Carpenter which were lost or that he filed a grievance regarding his allegation regarding a broken wristband.  *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quoting *Flentje v. First Nat'l Bank of Wynne,* 340 Ark. 563, 11 S.W.3d 531 (2000) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal

allegations and meet proof with proof by showing a genuine issue as to a material fact."). Additionally, McDonald's subjective belief that completing the grievance procedure would be futile does not excuse the requirement that he exhaust his administrative remedies. *See Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000) ("Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him.").

Defendants have shown that McDonald did not exhaust his administrative remedies before filing this lawsuit. McDonald has not provided any proof to refute that provided by the defendants. Accordingly, there are no issues of material fact in dispute, and defendants are entitled to summary judgment.

## IV.  Conclusion

The defendants are entitled to summary judgment, and McDonald's claims should be dismissed without prejudice. The third-party complaint filed by defendants should be dismissed as moot.

DATED this 7th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE